FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 02 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TYRONE MATOS,

                Plaintiff,

  -against-

ELLEN GOMPRECHT, a physician at Arthur Kill
Correctional Facility, FELIX EZEKWE, a physician
at Arthur Kill Correctional Facility, and LESTER
WRIGHT, former deputy commissioner/chief medical
officer for New York State Department of
Correctional Services,

                Defendants.

------------------------------------------------------------------X

**ORDER**

**11-CV-1968 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

On April 5, 2011, Plaintiff Tyrone Matos, acting pro se, filed a Complaint against Ellen Gomprecht and Felix Ezekwe, physicians at Arthur Kill Correctional facility, and Lester Wright, formerly chief medical officer for the New York State Department of Correctional Services. (Compl. (Docket Entry # 1).) Defendants entered an appearance and requested leave to move to dismiss Matos' Complaint for failure to state a claim for which relief can be granted or, in the alternative, for summary judgment. (See Defs. Notice of Appearance (Docket Entry # 6); Defs. Ltr. Mot. (Docket Entry # 10).) The court granted Defendants' request and referred the anticipated dispositive motion to Magistrate Judge James Orenstein for report and recommendation ("R&R") pursuant to 28 U.S.C. 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (July 19, 2011 Order (Docket Entry # 11).)

1

On December 12, 2011, Defendants moved for summary judgment. (Defs. Mot. for Summ. J. (Docket Entry # 17).) Matos was given opportunities to oppose to Defendants' motion, but did not take advantage of those opportunities. (See Dec. 21, 2011 Minute Order (Docket Entry # 27).) Judge Orenstein issued his R&R on February 14, 2012, and in it he recommended that the court grant summary judgment for Defendants on Matos' first and second claims, brought pursuant to 42 U.S.C. § 1983, and decline to exercise supplemental jurisdiction over Matos' remaining, common-law claim (see R&R (Docket Entry # 28) at 13, 17-18.).

No party has objected to Judge Orenstein's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Accordingly, the court reviews Judge Orenstein's R&R for clear error. See 28 U.S.C. § 636(b)(1). Having reviewed Judge Orenstein's well-reasoned R&R, and detecting no error, the court adopts it in its entirety. See Porter v. Potter, 219 Fed. App'x 112 (2d Cir. 2007). Accordingly, the court GRANTS Defendants' motion for summary judgment on Matos' first and second claims, declines to exercise supplemental jurisdiction over Matos' third claim, and DISMISSES Matos' case in its entirety, with prejudice as to the first two claims and without prejudice as to the third claim.

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2